UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILOMENA MATOS-CRUZ,

    Plaintiff,

v.                                                         Case No. 6:17-cv-380-Orl-37TBS

JETBLUE AIRWAYS CORPORATION;
and ABM AVIATION, INC.,

    Defendants.
_____

## **ORDER**

In the instant action, Plaintiff asserts negligence claims against Defendants for injuries she sustained at Orlando International Airport. (Doc. 16.) On June 26, 2017, Defendant ABM Aviation, Inc. ("**ABM**") moved to dismiss the initial complaint or, alternatively, for a more definite statement. (Doc. 12 ("**MTD**").) In lieu of responding, Plaintiff moved for leave to amend her complaint (Doc. 15 ("**Motion for Leave to Amend**"), contemporaneously filing a proposed amended complaint (Doc. 16). The Motion for Leave to Amend was ultimately denied without prejudice for failure to comply with Local Rule 3.01(g) (Doc. 17); however, rather than submitting a compliant motion, Plaintiff did nothing. As such, Plaintiff utterly failed to respond to the MTD. So, in the absence of a response, the Court will grant the MTD as unopposed and direct Plaintiff to amend her Complaint. Counsel is warned that any future failure to comply with the Local Rules or order of the Court may result in sanctions.

Moreover, upon closer inspection of Plaintiff's proposed amended pleading, the

Court finds that it contains multiple jurisdictional deficiencies. Specifically, Plaintiff purports to invoke the Court's diversity jurisdiction (Doc. 16, ¶ 4), yet she fails to adequately allege the citizenship of any of the parties. First, Plaintiff alleges that she is a resident of Puerto Rico and then summarily concludes that her "principal residence, and thus citizenship for purposes of diversity of citizenship is Puerto Rico." (Doc. 16, ¶ 1 ("**Residence Allegation**").) But residence alone is insufficient to establish a party's citizenship. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Rather, the citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). While courts may consider a party's residence as one consideration indicating domicile, Plaintiff has wholly failed to supplement the Residence Allegation. *See Taylor v. Am. Heritage Church Fin., Inc.*, No. 6:10-cv-559-Orl-31GJK, 2010 WL 2991572, at *2 (M.D. Fla. Jul. 27, 2010). For example, other factors considered when assessing the domicile of a party include payment of taxes, voter registration, driver's licenses, location of property, location of bank accounts, and membership in clubs, churches, and other associations. *Id.*

Second, Plaintiff's allegations with respect to Defendants' citizenship are based "upon information and belief." (Doc. 1, ¶¶ 2, 3.) Courts have held that allegations concerning a party's citizenship based only "on information and belief" are insufficient. *See Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, 752 F. Supp. 2d. 896, 901 (7th Cir. 2010).

Indeed, when alleging citizenship, Federal Rule of Civil Procedure 11 imposes a "duty of reasonable precomplaint inquiry not satisfied by rumor or hunch." *See Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992); *see also Comprehensive Care Corp. v. Katzman*, No. 8:09-cv-1375-T-24-TBM, 2010 WL 2293248, at *3 (M.D. Fla. June 7, 2010). Plaintiff is required to remedy the foregoing deficiencies in her forthcoming amended complaint.

Finally, the Court has concerns as to why only one of the two Defendants has appeared in this action. Plaintiff is to show cause, by written response: (1) whether she has served Defendant JetBlue Airways Corporation ("**JetBlue**"); and (2) if so, why she has not yet moved for the entry of a Clerk's default against JetBlue.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant ABM Aviation, Inc., f/k/a Air Serv Corporation's Motion to Dismiss or, in the alternative, Motion for More Definite Statement (Doc. 12) is **GRANTED** as unopposed.

2. On or before Wednesday, **August 9, 2017**, Plaintiff may submit an amended pleading that remedies the deficiencies outlined in this Order and those identified in Defendant's MTD. Failure to timely file may result in this action being closed without further notice.

3. On or before Wednesday, **August 9, 2017**, Plaintiff is **DIRECTED** to show cause, by written response: (a) whether she has served JetBlue; and (b) if so, why she had not yet moved for the entry of a Clerk's default.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 1, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record